**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

EVORA MCJOY                                                                PLAINTIFF


v.                                CASE NO. 5:07CV00150-BSM-JTK


MICHAEL J. ASTRUE,
*Commissioner,* Social Security Administration                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge

Brian S. Miller. The parties may file specific objections to these findings and

recommendations and must provide the factual or legal basis for each objection.  The

objections must be filed with the Clerk no later than fourteen (14) days from the date of the

findings and recommendations.  A copy must be served on the opposing party.  The District

Judge, even in the absence of objections, may reject these proposed findings and

recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff Evora McJoy brings this action for review of a final decision of the

Commissioner of the Social Security Administration (Commissioner) denying her claim for

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title II

and Title XVI of the Social Security Act (the Act).

## I. Procedural History

Plaintiff filed her application for disability benefits on March 28, 2005, alleging January 7, 2005, as the onset date. (Tr. 76-78) The Administrative Law Judge (ALJ) held a hearing on October 12, 2006, and issued a partially favorable written decision on January 8, 2007, awarding Plaintiff benefits beginning on October 12, 2006, her fiftieth birthday. (Tr. 23) On May 22, 2007, the Appeals Council declined to review the unfavorable portion of the decision, making the ALJ's determination the final decision of the Commissioner. (Tr. 5) Having exhausted her administrative remedies, Plaintiff timely requested review in this Court. 42 U.S.C. § 405(g).[1]

## II. Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)).

## III. Background

---

[1] On June 23, 2009, the Court granted an unopposed motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) to allow the Commissioner additional time to locate the recording from Plaintiff's administrative hearing. (Doc. No. 14) The recording was found, and, on February 2, 2010, the Court granted the Commissioner's unopposed motion to reopen the case. (Doc. No. 16)

Plaintiff turned 50 years old the day of her hearing and possesses a General Equivalency Diploma (GED). (Tr. 39-40) She lives with her husband in Lake Village, AR, and has past relevant work experience as a home health aide. (Tr. 39, 53, 76)

## IV. ALJ's Findings

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found the following impairments to be severe: herniated nucleus pulposus,[3] L4-5, L5-S1; probable spinal canal stenosis; status post lumbar hemilaminotomy, L4-5 and L5-S1, right side with excision of herniated nucleus pulposus at the L4-5 and L5-S1, right side; anxiety and depression. (Tr. 17) The ALJ found that these did not meet or equal a medical listing (Tr. 18), but that they did prevent Plaintiff from returning to past relevant work. (Tr. 21) The ALJ concluded that Plaintiff's subjective allegations were not fully credible and that she maintained the residual functional capacity[4] (RFC) to perform

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008) (internal citations omitted).

[3] "[T]he soft fibrocartilage central portion of the intervertebral disk; regarded as a derivative of the notochord." STEDMANS 277980 (27th ed. 2000)

[4] A claimant's residual functional capacity is what he or she can do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945 (2008). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed.Reg. 34474, 34475 (1996).

a full range of unskilled sedentary work.[5] (Tr. 17-18) The ALJ then consulted the Medical-Vocational Guidelines (Grid Rules) and found that, from Plaintiff's alleged onset date of January 7, 2005, up to October 12, 2006, her fiftieth birthday, Grid Rule 201.21 directed a finding of "not disabled" based on her age, education, work experience, and residual functional capacity. (Tr. 22) Once Plaintiff attained the age of fifty, the ALJ found that she became disabled based on application of Grid Rule 201.14. *Id.*

## V. Discussion

Plaintiff argues that the ALJ's RFC finding for a full range of unskilled sedentary work is not supported by substantial evidence. Plaintiff's Brief at 9. Specifically, Plaintiff claims the ALJ improperly rejected various medical opinions, failed to adequately assess her credibility, and failed to properly develop the medical record. *Id.* at 10-12.

A. Medical Opinions

The ALJ properly assessed Plaintiff's medical opinions. A treating source opinion is generally entitled to "substantial weight" and should control unless it is inconsistent with other credible medical evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (quoting *Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). An ALJ who discounts a treating source

---

[5]

   *Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

opinion must "give good reasons for doing so." *Brown*, 611 F.3d at 951-52 (quoting

*Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007)). An ALJ may discount a physician's

opinion if it is "inconsistent with the physician's clinical treatment notes." *Davidson v.*

*Astrue*, 578 F.3d 838, 843 (8th Cir. 2009). Furthermore, a physician's opinion on the ultimate

issue of disability is not binding on the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1);

416.927(e)(1).

Plaintiff alleges the ALJ failed to afford appropriate weight to the opinions of James

C. Wright, D.O., and Shirlene Hill, M.D., treating physicians, and P.B. Simpson, Jr., M.D.,

the physician who performed Plaintiff's lumbar hemilaminotomy. Plaintiff's Brief at 11. On

August 31, 2006, Dr. Wright completed a Medical Source Statement in which he stated that

Plaintiff could not lift or carry, must periodically alternate between sitting and standing, and

can never climb, crouch, crawl or stoop. (Tr. 269-72) The ALJ awarded Dr. Wright's opinion

little weight because it was "not consistent with the medical record[.]" (Tr. 20) That

conclusion is supported by substantial evidence. In numerous progress notes, Dr. Wright

repeatedly observed no joint swelling, pain, or stiffness, no leg cramps, no neck pain, and

only "some" restriction of motion in Plaintiff's back with pain "no worse than usual." (Tr.

194-95, 197, 203, 205, 206, 208) Dr. Wright's own treatment notes are inconsistent with his

Medical Source Statement and the ALJ properly awarded the opinion lesser weight. *See*

*Davidson*, 578 F.3d at 843. Further, other evidence weighs against Dr. Wright's opinion: a

State Agency consultant, Jerry T. Thomas, M.D., found Plaintiff capable of light work with

no postural or manipulative limitations (Tr. 210-212); an arterial Doppler ultrasound

performed by Jason K. Morris, M.D., showed no evidence of "significant peripheral vascular disease in either lower extremity" (Tr. 138); Plaintiff testified at the hearing that she could lift ten pounds (Tr. 42-43); and Dr. Simpson's pre-surgery physical examination of Plaintiff evidenced a normal range of motion in her lumbar spine without pain or tenderness. (Tr. 169) In sum, substantial record evidence supports the ALJ's decision to award little weight to Dr. Wright's medical opinion.

Evidence also conflicts with the opinions of Drs. Simpson and Hill that Plaintiff is unable to work. (Tr. 224, 335) Both issued letters in April of 2005 and September of 2006 expressing doubts that Plaintiff would be able to return to work, but it is unclear on what objective medical evidence they based their conclusions. *Id.* Furthermore, a medical opinion concluding that a disability applicant cannot work "involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). This is especially true in cases where, as here, the opinion is at odds with substantial record evidence. *See Brown v. Astrue*, 611 F.3d 941, 952 (8th Cir. 2010) (holding that a medical opinion finding a claimant unable to work should be afforded little weight if the "larger medical record" does not support such a conclusion). In January of 2005, Dr. Simpson's physical examination of Plaintiff's lumbar spine showed a normal range of motion with no pain, no tenderness, and no muscle spasm; her lumbar spine nerve root provocation testing was negative. (Tr. 169) She had normal motor testing of the lower extremities and could engage in normal heel and toe walking. *Id.* Dr. Simpson noted in a postoperative follow up

visit in March of 2005 that Plaintiff had no pain on straight leg raise testing and that her complaints appeared to be "psychosomatic" in nature. (Tr. 150) His own findings are inconsistent with his statement that Plaintiff would be unable to work. These findings, along with those of Dr. Wright, and the conclusion of the State Agency medical consultant, Dr. Thomas, also conflict with Dr. Hill's conclusions. The ALJ had adequate reason to afford their opinions lesser weight. *See Davidson*, 578 F.3d at 843.

B. Credibility

Plaintiff also contends the ALJ of improperly disregarding her pain complaints by overly emphasizing her stated activities of daily living and failing to consider her use of pain medication. Plaintiff's Brief at 10-11. This argument is without merit. *Polaski v. Heckler*[6] instructs the ALJ to consider "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions" when assessing the credibility of a claimant's subjective pain allegations. *Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (quoting *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998) (citing *Polaski*, 739 F.2d at 1322)). The ALJ, however, is "not required to discuss each *Polaski* factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally

---

[6] 739 F.2d 1320, 1322 (8th Cir. 1984).

defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932. A review of the ALJ's decision reveals that he considered the appropriate factors: he mentioned Plaintiff's back and leg pain (Tr. 18-20); her alleged functional limitations—including lifting up to 10 pounds and standing for 30 minutes before needing a break (Tr. 20); her activities of daily living, such as preparing meals, making her bed, driving, shopping, watching television and attending church (Tr. 20); and her use of narcotics and antidepressant medications (Tr. 19). The Court finds no reason to disturb the ALJ's credibility determination. He adequately discussed the factors in *Polaski*.

C. Hypothetical Question

Plaintiff also notes that the vocational expert testified in response to a hypothetical question posed at the hearing that no jobs existed that Plaintiff could perform. Plaintiff's Brief at 12. Plaintiff argues that the ALJ's failure to accept the vocational expert's conclusion was erroneous. *Id.* That hypothetical, however, was more restrictive than the unskilled sedentary RFC the ALJ ultimately found. (Tr. 54) Because the ALJ found Plaintiff capable of performing a full range of unskilled sedentary work, he was not required to pose a hypothetical question to a vocational expert and could instead apply the Grid Rules. *See* Social Security Rulings 83-14 and 96-9. Substantial record evidence supports the ALJ's RFC finding and his decision to forgo utilization of vocational expert testimony was therefore proper.

D. Developing the Record

Finally, Plaintiff asserts the ALJ failed to properly develop her medical record. Plaintiff's Brief at 11. Specifically, Dr. Wright's Medical Source Statement included reference to an "attached letter" which was not contained in Plaintiff's file. (Tr. 270) Plaintiff apparently argues the record was incomplete without the letter, and the ALJ had an affirmative obligation to seek out the document and add it to her medical file. Plaintiff's Brief at 11. This argument lacks merit. Plaintiff was represented by counsel at the hearing, and the fact that her counsel has not since supplemented the record with the letter cuts against its importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Context governs how diligently an ALJ must develop a claimant's medical record. *See Mouser v. Astrue,* 545 F.3d 634, 639 (8th Cir. 2008) (citing *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994)). Here, the record reflects an ample amount of evidence upon which the ALJ fairly reached his decision.

## VI. Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby AFFIRMS the Commissioner's final determination, and DISMISSES Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

Dated this 2nd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

9